IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curt Alan Davis, ) | C/A No. 3:16-3371-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Att. Sally J. Henry, Att. Robert Madsen, Att. ) | |
| Brad Kirkland, Att. Casey N. Rankin, ) | |
| Lexington County 11th Judicial Circuit ) | |
| Solicitor's Office, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Curt Alan Davis, a self-represented state pretrial detainee, brings this civil rights action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff, a pretrial detainee at the Lexington County Detention Center, is currently being held on a state charge of second-degree burglary. (ECF No. 1 at 9.) He claims he has been held for 557 days as of September 16, 2016. (Id.) He claims the defendants, the solicitors, and defense counsel associated with his case have had poor communication with him, and he is not satisfied with the manner in which his case is progressing. (Id. at 2-3, 5, 7, 9.) He claims this has caused him stress and frustration, in violation of his due process rights and the Rules of Professional Conduct. (Id. at 5, 10.) He asks the court to "bring to light the issues in Lexington County," resolve his case, and compensate him for his time of incarceration, loss of wages, and emotional damage. (Id. at 10.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Davis alleges his due process rights were violated by the defendants'



conduct. However, as discussed below, the court finds that Davis's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

As to Davis's defense counsel, Defendants Sally J. Henry, Robert Madsen, and Brad Kirkland, they are not amenable to suit under § 1983 because they were not acting under color of state law. See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under [§] 1983."); Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983, even where the plaintiff's attorney was court-appointed). Accordingly, the Complaint fails to state a claim upon which relief can be granted against these defendants. See 28 U.S.C. § 1915(e)(2)(B)(ii).

As to Defendant Casey N. Rankin, the solicitor prosecuting Davis's criminal charge, he is entitled to prosecutorial immunity because Plaintiff's § 1983 claim hinges on the Rankin's actions as a prosecutor. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) ("Solicitors are immune from § 1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.' "); Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (explaining "the Imbler Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute' "). Accordingly, the Complaint fails to state a claim upon which relief can be granted against this defendant. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, to the extent Davis attempts to state a claim against Defendant Lexington County Eleventh Judicial Circuit Solicitor's Office, this defendant is not a "person" amenable to suit under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. Nov.19, 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); English v. S.C. Dep't of Corr. Mental Health, C/A No. 1:12-511-JFA-SVH, 2012 WL 3062655, *2

(D.S.C. June 28, 2012) ("[G]roups of people are not amenable to suit under § 1983."); Pitt v. Perry Corr. Inst. Med. Staff, C/A No. 0:09-1000-MBS-PJG, 2011 WL 704487 at *2 (D.S.C. Jan. 24, 2011) ("The use of the term 'staff' or the equivalent as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a 'person' as required in § 1983 actions."); Shadoan v. Florence Cty. Det. Ctr. Med. Dep't, No. 8:12-CV-2908 DCN JDA, 2013 WL 6408347, at *2 (D.S.C. Dec. 6, 2013) (collecting cases). Accordingly, the Complaint fails to state a claim upon which relief can be granted against this defendant. See 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks injunctive relief in his state criminal case when he asks the court to "bring light to" his case or "resolve" his case, the court may not interfere in a state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 46 (1971); Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). Accordingly, the Complaint fails to state a claim upon which injunctive relief can be granted.

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

November 15, 2016  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).